UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DANISKA,

       Petitioner,                        Case No. 4:17-cv-12472
                                              Hon. Matthew F. Leitman

v.

THOMAS W. WINN,

       Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Keith Daniska, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction.

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Petitioner asserts that he presented two claims to the Michigan Supreme Court but not the Michigan Court of Appeals, asserting that insufficient was presented at trial to sustain his convictions and that the jury was improperly instructed. Dkt. 1, ¶ 20.

1

Petitioner acknowledges that these claims are unexhausted. Id., at ¶ 22. He requests that the Court stay the case while he pursues state post-conviction review with respect to these claims. Id., at p. 19. To avoid problems with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

The Court holds the petition in abeyance. Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's

state post-conviction review proceeding. The order requiring Respondent to file a responsive pleading is **VACATED.**

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 3, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764